**In re: BLAIR CORP. CHENILLE ROBE PRODUCTS LIABILITY LITIGATION.**

**MDL No. 2142.**

United States Judicial Panel on Multidistrict Litigation.

April 5, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR.,\* KATHRYN H. VRATIL, DAVID R. HANSEN W., ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and DAVID G. TRAGER \*, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Defendants Blair LLC and Orchard Brands Corp. have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Middle District of Alabama. All plaintiffs and the remaining responding defendants oppose centralization. In the event the Panel determines that centralization is appropriate, the Middle District of Alabama, Southern District of California and Southern District of Illinois plaintiffs each suggest centralization in one or more of their home districts, and several defendants in the Middle District of Alabama action request separation and remand of the claims alleged against them or, alternatively, centralization in the Middle District of Alabama.

This litigation currently consists of four actions listed on Schedule A and pending in ·four districts, one action each in the Middle District of Alabama, the Southern District of California, the District of Con-

---

\* Judge Miller and Judge Trager did not partici-    pate in the disposition of this matter.

necticut and the Southern District of Illinois.

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Given that these are relatively straightforward personal injury or wrongful death actions and that the litigation will focus to a large extent on individual issues of fact concerning the circumstances of each consumer's injuries, the proponents of centralization have failed to convince us that any common questions of fact among these four actions are sufficiently complex and/or numerous to justify Section 1407 transfer at this time. Alternatives to transfer exist that may minimize whatever possibilities there are of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.

### SCHEDULE A

MDL No. 2142—IN RE: BLAIR CORP. CHENILLE ROBE PRODUCTS LIABILITY LITIGATION

*Middle District of Alabama*

  *Harold A. Ledbetter, etc. v. Blair Corp., et al.,* C.A. No. 3:09–843

*Southern District of California*

  *Michelle Putini, et al. v. Blair Corp., et al.,* C.A. No. 3:09–2729

*District of Connecticut*

  *Sharon Davis, etc. v. Blair Corp., et al.,* C.A. No. 3:09–1702

*Southern District of Illinois*

  *Agnes Wise v. Blair, LLC, et al.,* C.A. No. 3:09–871